These and other general rules aid courts in construing and understanding instruments, but the instrument in the present suit, when read in conjunction with the express meaning assigned to the phrase "baseball park," is neither ambiguous nor doubtful. The phrase describes property rather than restricts usage. That construction, in our opinion is not merely a reasonable construction, it is the only construction.

The judgment is reversed and rendered that appellant, J. W. Link, Jr., is the owner of the fee simple title to Lot D-6, subject to the easement reserved and the condition subsequent stated in the deed from Anna Simmang to the San Antonio Baseball Club, dated June 15, 1926.

grown on the land. A cross-action was filed by Defendants upon 5 promissory notes made by Plaintiff, and for foreclosure of chattel mortgage upon the crops on the land. Trial was before the court without a jury, which rendered judgment for Plaintiff in part and for the Defendants in part. Defendants excepted and appealed to this court.

Plaintiff and Defendants have filed a joint motion in which they state that all matters in controversy in the appeal have been settled, and in which they request this court to dismiss the appeal. This appeal is accordingly Dismissed.

Allen WEST, Appellant,

v.

Jack WEST et ux., Appellees.

No. 3275.

Court of Civil Appeals of Texas.

Waco.

March 31, 1955

TEXAS EMPLOYERS' INSURANCE AS-
SOCIATION, Appellant,

v.

Ben FISH, Appellee.

No. 15599.

Court of Civil Appeals of Texas.

Fort Worth.

March 4, 1955.

Rehearing Denied April 1, 1955.

Mike Beard, David B. Kultgen, Waco, for appellant.

Bryan, Maxwell, Bryan & Wilson, Waco, for appellees.

McDONALD, Chief Justice.

This is an appeal from the District Court of McLennan County, Texas. This was a suit to quiet title to a certain tract of land and for declaratory judgment setting forth the rights of the parties to crops to be

